```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-23137-Civ-HUCK
                                      (07-20489-Cr-HUCK)
                              MAGISTRATE JUDGE P. A. WHITE
JANOY B. SILVA,             :

      Movant,               :

v.                          :    REPORT OF MAGISTRATE JUDGE
                                 FOLLOWING ATTORNEY'S FEE HEARING
UNITED STATES OF AMERICA,   :

      Respondent.           :
_____
```

Introduction

This matter is before the Court on Order of Reference (DE#21) dated June 21, 2010, from United States District Judge Paul C. Huck, for a Report to determine the appropriateness of attorney's fees and costs requested by Criminal Justice Act ("CJA") counsel Ruben Garcia, for services rendered in this case to the movant, Janoy B. Silva.

Background

The movant was charged by Indictment with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of ecstasy (Count 1), two counts of possession with intent to distribute a mixture and substance containing a detectable amount of ecstasy (Counts 2-3), and forfeiture of $500.00. (Cr-DE#7). Pursuant to the terms of a negotiated written plea agreement, the movant agreed to plead guilty to Count 1 of the Indictment. (Cv-DE#8:Ex.C). The court then sentenced the movant to a term of 47 months in prison, followed by two years supervised release. (Id.:14; Cr-DE#29). The sentence was based in part after considering the advisory guidelines and reducing the quantity of drugs attributable to the movant from

1403.17 grams to 927.17 grams. The judgment was entered by the Clerk on November 7, 2007. (Cr-DE#29). No direct appeal was filed.

The movant filed a timely motion to vacate raising multiple claims, including a claim that counsel was ineffective for failing to file a requested direct appeal. (Cv-DE#1). CJA Attorney Garcia was appointed and an evidentiary hearing held on November 23, 2009. A Report was entered recommending denial of the §2255 motion. (Cv-DE#16). The movant then filed *pro se* Objections to the Report. (Cv-DE#17). Thereafter, movant's CJA counsel filed a motion to withdraw based on irreconcilable differences. (Cv-DE#18). An order was entered granting counsel's motion to withdraw. (Cv-DE#19). Thereafter, the district court entered an Order overruling the movant's objections, adopting the undersigned's Report, and closing the case. (Cv-DE#20).

## Discussion

The issue before the Court is the appropriateness of Attorney Garcia's CJA voucher for attorney's fees and costs in this case. Attorney Ruben Garcia filed the CJA voucher (FLS 09 3536) on May 19, 2010, with appended time sheets requesting $4,466.85 as final payment for attorney's fees and costs pursuant to his appointment as movant's CJA counsel.

The United States Judicial Conference developed guidelines to assist courts in the application of the Criminal Justice Act compensation provisions. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines for Administration of the Criminal Justice Act (the "Guidelines"), judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of

the Guidelines.

The CJA at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The CJA directs federal courts to "fix the compensation and reimbursement to be paid to the attorney representing an indigent defendant in a criminal case." 18 U.S.C. §3006A(d)(5). The CJA provides that an appointed attorney, at the conclusion of a CJA representation, shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed for "expenses reasonably incurred." 18 U.S.C. §3006A(d)(1). The statutory authority and discretion to determine what is a reasonable amount of billable time or expense rests with the District Court. 18 U.S.C. §3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). By statute, the maximum amount of fees a CJA attorney may recover is $7,000.00, absent a finding that the representation was extended or complex. 18 U.S.C. §3006A(d).

A case is complex where the "legal or factual issues ... are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case." Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C §2,22B(3). A case is extended where "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." Id.

A district court's determination of a reasonable fee pursuant to the CJA is an administrative order, not a judicial order, and therefore not a final decision for purposes of supporting appellate

jurisdiction. United States v. Rodriquez, 833 F.2d 1536, 1538 (11th Cir. 1987); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). District Courts are vested with discretion to set CJA fee determinations. Griggs, 240 F.3d 974. "With regard to CJA court appointed cases, the courts have an inherent obligation to make sure that claims for taxpayer provided monies are justified." United States v. Fedor, 2008 WL 2264556, 4 (S.D.Fla. 2008)(quoting United States v. Smith, 76 F. Supp,2d 767, 768 (S.D.Tex. 1999). Additionally, the CJA "does not require a court to hold adversary hearings on fee awards." Id.

Fee determinations are administrative orders, not judicial orders. Rodriquez, 833 F.2d at 1538. Although each individual fee determination involves a specific examination of the facts and circumstances of a particular case, each is a part of the fabric of this District's administration of the CJA plan. Each fee determination is an individual inquiry based on the nature and circumstances of the case.

In this case, the Court's CJA Administrator reviewed Garcia's voucher for compliance with CJA guidelines and mathematical accuracy. A minor adjustment to the total hours for obtaining and reviewing documents was made. The total due was thus reduced from $4,466.85 to $4,444.85. The voucher claims 1.5 hours of in court time, 8.7 hours of out-of-court conferences, 7.2 hours of travel, 10.9 hours of legal research and preparation, and 10.9[1] hours for obtaining and reviewing documents. Here, the attorney is not exceeding the statutory cap of the CJA on the grounds that the instant case is both "complex" and "extended."

---

[1] The Affidavit incorrectly added the total hours in this column, showing a total of 11.1. However, verification by the CJA Clerk and the undersigned reveals that the total hours itemized is 10.9, and thus this amount has been adjusted accordingly.

4

At the hearing on this matter, testimony was had from Attorney Garcia, as well as the movant. Garcia explained that he spent a significant amount of time reviewing the underlying criminal case, as well as, the extensive *pro se* petition in order to ascertain any potential meritorious issues which might require further investigation. Counsel also explained he had numerous meetings with the movant, as well as, multiple telephonic conversations with the movant's brother,[2] sister, and wife. Counsel, however, explained that he reduced and/or otherwise did not bill for all of these calls. He also testified that he did not bill for time spent during a final discussion and/or meeting with the movant, wherein the movant threatened to file a Florida Bar complaint against counsel. According to Garcia, after this threat was made, it necessitated counsel's withdrawal from further representation in the §2255 proceeding. It should be noted that the movant corroborated the fact that counsel visited him on multiple occasions to discuss the §2255 motion and hearing.

The undersigned commends Attorney Garcia for his professionalism and willingness to take this appointment, and is appreciative of the efforts expended on behalf of the movant, a *pro se* prisoner. Attorney Garcia's affidavit reflects the fact that he is well-prepared and a diligent advocate for his clients. The court is aware of his ethics and professionalism as Garcia has been before the undersigned on multiple occasions, representing *pro se* federal prisoners during numerous evidentiary hearings.

After review of the billing records provided, the case record, and, upon consideration of the information Garcia offered in his support of his voucher, the undersigned finds Attorney Garcia's CJA voucher justified and reasonable.

---

[2]Movant was exploring the possibility of calling his brother to testify on his behalf at the §2255 evidentiary hearing.

It is therefore recommended that CJA Counsel Ruben Garcia be paid a total of $4,444.85 as fair and final compensation for his work in this case.

Pursuant to 28 U.S.C. §636(b)(1), objections to this report may be filed with the District Judge within fourteen days of this Report.

Signed this 1st date of September, 2010.

_____
UNITED STATES DISTRICT JUDGE


cc: Janoy Silva, Pro Se
    Reg. No. 78759-004
    Federal Detention Center
    P. O. Box 019120
    Miami, FL 33101-9120

    Ruben Garcia, Esquire
    1209 S.E. 3rd Avenue
    Ft. Lauderdale, FL 33316
    Phone: 954/462-4600
    Fax: 954/462-0828

    Cristina Maxwell, AUSA
    United States Attorney's Office
    11200 N.W. 20th Street
    Miami, FL 33172
    Phone: 305/715-7641
    Fax: 305/715-7639

    Betty Rodriguez, Deputy Clerk